UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCESS CHIBUIKE OKOROAFOR (A-Number: 216-650-543),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondent. | No. 1:26-cv-06763-KES-CDB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS<br><br>Doc. |

Petitioner Success Chibuike Okoroafor is an immigration detainee proceeding with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 8. The Court has previously addressed the legal issues raised by claim one of the petition—that the Due Process Clause requires a bond hearing when a noncitizen has been previously released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). Respondents concede that petitioner is currently being detained pursuant to

8 U.S.C. § 1226(a). Doc. 5 at 1.

Respondents argue that petitioner's request should be denied because petitioner has already received a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a), *id.* at 3-4, at which the immigration judge denied bond, *id.* at 68.[1] Respondents note that "section 1226(a) does not require the government to bear the burden" of proof. Doc. 5 at 4. But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained pending removal proceedings, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g., Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond ...."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).

Respondents further claim that petitioner should be required to prudentially exhaust his administrative remedies by seeking review of this ruling at the Board of Immigration Appeals ("BIA"). Doc. 5 at 4. But a court may waive the prudential exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Here, requiring petitioner to seek administrative review of the immigration judge's ruling would be futile because petitioner raises a constitutional claim.

As respondents have not made any new legal arguments in this case that would distinguish it from the Court's prior decisions in *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal.

[1] Petitioner received "a custody redetermination pursuant to 8 C.F.R. § 1236." Doc. 5 at 68. 8 C.F.R. § 1236 places the burden on the petitioner to "demonstrate, by clear and convincing evidence, that release would not pose a danger to the safety of other persons or of property" and "that the alien is likely to appear for any scheduled proceeding." 8 C.F.R. § 1236.1(c)(3).

2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to provide petitioner Success Chibuike Okoroafor with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.[3]

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Central Valley Annex Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: September 18, 2026

UNITED STATES DISTRICT JUDGE

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.